United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEROY TYLER,

    Plaintiff,

    v.

NATIONAL CITY MORTGAGE CO., et al.,

    Defendants.
_____/

No. C 10-3415 PJH

**ORDER GRANTING MOTION TO DISMISS**

    The motion of defendant PNC Bank, N.A., as successor by merger to National City Bank, previously doing business as "National City Mortgage" ("National City"), to dismiss the claims asserted against it (first, second, fourth, fifth, seventh, and eighth causes of action) came on for hearing before this court on December 22, 2010.  Plaintiff Leroy Tyler appeared by his counsel Veronica Garcia, and National City appeared by its counsel Joshua Bryan.  Having read the parties' papers and carefully considered their arguments, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

    1.    The motion to dismiss all claims as time-barred is GRANTED, with leave to amend to allege facts supporting application of the discovery rule.  See Grisham v. Phillip Morris U.S.A., Inc., 40 Cal. 4th 623, 638 (2007); see also Yumul v. Smart Balance, Inc., __ F.Supp. 2d __, 2010 WL 3359674 at *6 (C.D. Cal., July 30, 2010); Stearns v. Select Comfort Retail Corp., __ F.Supp. 2d __, 2010 WL 2898284 at *24 (N.D. Cal., July 21, 2010).

    2.    The motion to dismiss the first cause of action for civil conspiracy is GRANTED, with leave to amend to specify the underlying action and to allege facts supporting that action.  See Von Grabe v. Sprint PCS, 312 F.Supp. 2d 1285, 1308 & n.21

(S.D. Cal. 2003) (citing <u>Katzberg v. Regents of Univ. of California</u>, 29 Cal. 4th 300, 327 (2002)).  To the extent that the underlying action is fraud, the elements must be pled with particularity as required by Federal Rule of Civil Procedure 9(b).  <u>See</u> <u>In re GlenFed Sec. Litig.</u>, 42 F.3d 1541, 1547-49 (9th Cir.1994).

      3.      The motion to dismiss the second cause of action for fraud is GRANTED, with leave to amend to plead the facts supporting the elements of the claim with particularity, as required by Rule 9(b).

      4.      The motion to dismiss the fourth cause of action for breach of fiduciary duty is GRANTED.  The dismissal is with prejudice.  <u>See</u> <u>Peterson Dev. Co. v. Torrey Pines Bank</u>, 233 Cal. App. 3d 103, 116 (1991); <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1096 (1991).

      5.      The motion to dismiss the fifth cause of action for declaratory and injunctive relief is GRANTED.  The dismissal of the claim for injunctive relief is with prejudice, as injunctive relief is a remedy.  <u>See</u> <u>Hamilton v. Bank of Blue Valley</u>, __ F.Supp. 2d __, 2010 WL 4222724 at *19 (E.D. Cal., Oct. 20, 2010).  The dismissal of the claim for declaratory relief is with leave to amend to clarify the basis of the claim and the relief sought.  If the claim is duplicative of another cause of action, it should be omitted from the amended complaint.

      6.      The motion to dismiss the seventh cause of action for breach of the implied covenant of good faith and fair dealing is GRANTED, with leave to amend to allege facts clarifying the underlying contractual obligation.  <u>See</u> <u>Pasadena Live, LLC v. City of Pasadena</u>, 114 Cal. App. 4th 1089, 1093-94 (2004); <u>Smith v. City & County of San Francisco</u>, 225 Cal. App. 3d 38, 49 (1990).

      7.      The motion to dismiss the eighth cause of action for violation of California Business and Professions Code § 17200 is GRANTED, with leave to amend to clarify whether the business practice on which the claim is predicated is alleged to be unlawful (and if so, based on what law), fraudulent (and if so, based on what particularized facts showing that the public is likely to be deceived), or unfair (and if so, based on what anti-

competitive activity).

8. The amended complaint, which shall be filed no later than January 21, 2010, shall allege no new claims and name no new defendants unless plaintiff has obtained the agreement of defendants or leave of court; shall include the correct name of the National City defendant; and shall use correct statutory citations.

9. No later than January 21, 2010, plaintiff shall file a proof of service of the summons and complaint on defendant U.S. Bancorp. If plaintiff fails to do this, U.S. Bancorp will be dismissed from the action.

**IT IS SO ORDERED.**

Dated: December 23, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge