UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEROY TYLER,

        Plaintiff,

    v.

PNC BANK, NATIONAL ASSOCIATION, et al.,

        Defendants.
_____/

No. C 10-3415 PJH

**ORDER GRANTING MOTION TO DISMISS**

        The motion of defendant PNC Bank, N.A. ("PNC"), to dismiss the claims asserted against it (first, third, fourth, and sixth causes of action) in the first amended complaint ("FAC") came on for hearing before this court on April 20, 2011. Plaintiff Leroy Tyler appeared by his counsel Veronica Garcia, and PNC appeared by its counsel Marcus Brown. Having read the parties' papers and carefully considered their arguments, the court hereby GRANTS the motion as follows.

        1.     PNC argues that the first cause of action for fraud should be dismissed for failure to state a claim. Under California law, fraud claims have five elements – "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (scienter); (c) intent to defraud (to induce reliance); (d) justifiable reliance; and (e) resulting damage." Small v. Fritz Cos., Inc., 30 Cal. 4th 167, 173 (2003); see also City Solutions Inc. v. Clear Channel Commc'ns, Inc., 365 F.3d 835, 839 (9th Cir. 2004). Plaintiff has not adequately alleged justifiable reliance with particularity as required by Federal Rule of Civil Procedure 9(b). See In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir.1994). Thus, the motion to dismiss the first cause of action for fraud is GRANTED, with leave to amend to allege detrimental reliance with particularity.

2.      PNC argues that the third cause of action for breach of the implied covenant of good faith and fair dealing should be dismissed because the FAC does not allege an underlying contract.  California law implies a covenant of good faith and fair dealing in every contract.  Carma Developers, Inc. v. Marathon Dev. Calif., Inc., 2 Cal. 4th 342, 371 (1992).  Thus, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege the specific contractual obligation on which the implied covenant is based.  Grant v. Aurora Loan Servs., Inc., 736 F. Supp. 2d 1257, 1268 (C.D. Cal. 2010).  Here, plaintiff has not adequately alleged that he and PNC entered into a loan modification contract following the loan origination.  Even assuming as true that PNC had written up a loan modification contract, where it is understood that an agreement is incomplete until reduced to writing *and* signed by the parties, no contract results until this is done.  Peterson Dev. Co. v. Torrey Pines Bank, 233 Cal. App. 3d 103, 115 (1991).  Because plaintiff never received the final writing, there was no contract, and he has failed to state a claim for breach of the implied covenant.  The motion to dismiss the third cause of action for breach of the implied covenant is GRANTED, with prejudice.

3.      PNC argues that the fourth cause of action for declaratory relief should be dismissed because it is duplicative of plaintiff's other claims.  The motion is GRANTED, with leave to amend to clarify the basis of the claim and the relief sought.  If the claim is duplicative of another cause of action, it should be omitted from the amended complaint.

4.      PNC argues that the sixth cause of action for violation of California Business and Professions Code § 17200 ("UCL") should be dismissed for failure to state a claim, because the FAC fails to allege fraud with particularity.  To state a claim for a fraudulent business practice under the UCL, a plaintiff must allege facts showing that the defendant engaged in a business practice that was likely to deceive the public.  Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1151 (2003).  In addition, to the extent that a UCL claim is based upon purported fraudulent conduct of any defendant, the plaintiff must allege that fraud with "reasonable particularity" and must state the who, what, where, and when of such conduct.  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.

1  2003).  To the extent that plaintiff reincorporates the facts underlying his fraud cause of
2  action into his § 17200 claim, the § 17200 claim is not sufficiently pled with particularity, as
3  discussed above.  Thus, the motion to dismiss the sixth cause of action is GRANTED, with
4  leave to amend to allege detrimental reliance with particularity.

5        5.      The second amended complaint, which shall be filed no later than May 11,
6  2011, shall allege no new claims and name no new defendants unless plaintiff has obtained
7  the agreement of defendants or leave of court.

**IT IS SO ORDERED.**

Dated: April 22, 2011

PHYLLIS J. HAMILTON
United States District Judge