UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEROY TYLER,

    Plaintiff,

    v.

NATIONAL CITY MORTGAGE CO., et al.,

    Defendants.

_____/

No. C 10-3415 PJH

**ORDER GRANTING MOTION TO DISMISS**

Defendants' motion to dismiss the second amended complaint for failure to state a claim came on for hearing before this court on November 30, 2011. Plaintiff Leroy Tyler appeared by his counsel Veronica Garcia, and defendants PNC Bank N.A. ("PNC") as successor by merger to National City Bank, sued as "National City Mortgage Co.," and U.S. Bank, N.A. ("U.S. Bank"), sued as "U.S. Bancorp," appeared by their counsel Marcus Brown. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a

motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949-50 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings, although the court may consider a matter that is properly the subject of judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), and documents referenced by the complaint and accepted by all parties as authentic. See Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002).

Finally, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. In

re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir.1994).

Plaintiff was formerly the owner of real property located in Oakland, California ("the property"). He owned the property for 28 years. In July 2003, plaintiff obtained a loan in the amount of $206,000, secured by a Deed of Trust on the property. Plaintiff fell behind in the payments in early 2009 due to "financial hardships," and on March 25, 2009, a notice of default was recorded. The property was sold in a trustee's sale on May 10, 2010.

Plaintiff filed the original complaint on August 3, 2010, against National City Mortgage Co. and U.S. Bancorp. On December 23, 2010, the court granted defendant PNC's motion to dismiss, with leave to amend as to certain claims. Plaintiff filed a first amended complaint ("FAC") on January 31, 2011. On April 22, 2011, the court granted PNC's motion to dismiss, with leave to amend as to certain claims.

Plaintiff filed the second amended complaint ("SAC") on September 2, 2011, asserting claims of fraud, against PNC and U.S. Bank; quiet title, against U.S. Bank; cancellation of instruments pursuant to California Code of Civil Procedure § 2924f, against U.S. Bank; and unfair business practices in violation of California Business & Professions Code § 17200, against both defendants. Defendants seek an order dismissing all four causes of action. Plaintiff has conceded that he cannot state a claim for fraud or unfair business practices against U.S. Bank.

The motion to dismiss the fraud and § 17200 claims against PNC is GRANTED. Under California law, the elements of common law fraud are "misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages." Gil v. Bank of Am., Nat'l Ass'n, 138 Cal. App. 4th 1371, 1381 (2006). The court previously dismissed the fraud claim alleged in the original complaint for failure to plead the elements of the claim with particularity, and dismissed the same claim alleged in the FAC for failure to adequately allege detrimental reliance.

In repleading the claim in the SAC, plaintiff has failed to correct the deficiencies. Plaintiff alleges that PNC orally agreed to a loan modification on November 2, 2009, and told his agent that the modification agreement would be sent to plaintiff by overnight mail.

3

Plaintiff asserts that rather than continuing to seek a loan modification, he simply waited for the modification agreement to arrive, and that the detrimental reliance consisted of ceasing his efforts to obtain a loan modification during this time.

This claim is not plausible. It might possibly suggest detrimental reliance if he alleged that he refrained from seeking other opportunities to refinance for some relatively short period of time. But to say that PNC agreed to the loan modification on November 2, 2009, and told him that the modification agreement would be sent by overnight mail, and that he simply kept waiting for that mail to arrive without making any further effort to contact PNC, and that the property was finally sold at a trustee's sale six months later, is not sufficient to allege detrimental reliance. The motion to dismiss the § 17200 claim against PNC is GRANTED, for the same reasons, as it is predicated on the identical conduct alleged in the cause of action for fraud.

The motion to dismiss the quiet title and cancellation of instruments claims – which are alleged only against U.S. Bank – is GRANTED. Even if plaintiff had stated a basis to set aside the trustee's sale and foreclosure (which he has not), he must in addition prove that he can tender the balance of the loan. Under California law, an action to set aside a trustee's sale for irregularities in the sale must be accompanied by an offer to pay the full amount of the debt for which the property was security. See Panjoja v. Countrywide Home Loans, Inc., 640 F.Supp. 2d 1177, 1183-84 (N.D. Cal. 2009). Plaintiff nowhere alleges that he is willing and able to satisfy this requirement.

At the hearing, plaintiff's counsel argued that it would be improper for the court to rule on the motion, because the parties were attempting to reach a settlement. The court agreed to delay issuing a written decision until after defendants' counsel had submitted a statement advising that plaintiff's application for a loan modification had been either granted or denied. On January 17, 2012, PNC Bank filed a notice stating that it had reviewed the materials submitted by plaintiff in support of his loan modification application, and that it had determined that plaintiff did not qualify.

Accordingly, the court now finds that the claims alleged in the SAC must be

4

dismissed. The dismissal is WITH PREJUDICE, as plaintiff has been given two opportunities to amend, and has not persuaded the court that further amendment will cure the deficiencies in the complaint.

**IT IS SO ORDERED.**

Dated: January 26, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge